UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 25-CV-60391

ASIA ELKHALIL,

    Plaintiff,

v.

EAST BEACH LLC, d/b/a
PIER 14 TAPAS AND COCKTAILS,

    Defendant.
_____/

## REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendant EAST BEACH, LLC d/b/a PIER 14 TAPAS AND COCKTAILS hereby submits its Reply in Support of its Motion to Dismiss the Amended Complaint [ECF No. 24] and states as follows:

### INTRODUCTION

Despite Plaintiff's attempt to reframe ordinary workplace scheduling decisions and interpersonal friction as unlawful discrimination, she merely reiterates conclusory allegations, mischaracterizes the legal standards, fails to address the core deficiencies identified in Defendant's Motion, and otherwise attempts to re-write the pleading. The Amended Complaint remains devoid of any factual allegations establishing direct or circumstantial evidence of discrimination, retaliation, or a hostile work environment under Title VII, the Florida Civil Rights Act ("FCRA"), or the Pregnant Workers Fairness Act ("PWFA"). Plaintiff failed to identify any similarly situated comparators who were treated more favorably, articulate a qualifying "known limitation" under the PWFA, or allege a causal nexus between any protected activity and the alleged adverse actions.

1

Instead, Plaintiff relies on speculative inferences, vague assertions, and inflammatory language—none of which satisfy the requisite pleading standards. Instead, Plaintiff now concedes in her response that all similarly situated employees were subject to the same scheduling policies, undermining any allegation whatsoever that she was treated differently than other bartenders.

Plaintiff's dissatisfaction with no longer being the sole bartender or receiving the most lucrative shifts under new ownership does not transform her grievances into actionable claims. The pleading, now on its second iteration, still fails to allege facts that plausibly support any theory of liability. Accordingly, and for the reasons set forth herein and in Defendant's Motion, dismissal with prejudice is warranted.

## TITLE VII AND THE FCRA

In her response, Plaintiff claims "Defendant's male or non-pregnant female employees that enjoyed preferential treatment in comparison to Plaintiff, include but are not limited to, Floria Gerardino ("Floria"), an individual non-pregnant female; Victor Benlice ("Benlice"), an individual male; Tyler Foy ("Foy"), an individual male; and Dieudonne Walker ("Walker"), an individual non-pregnant female, all of whom worked in a service capacity, **reported to the same supervisor (Camargo), and worked overlapping shifts with Plaintiff under identical scheduling protocols**." [Resp., p. 4, ECF No. 25]. Plaintiff attempts to rewrite her Amended Complaint by including three new comparators and how they are all similarly situated to Plaintiff. The time to make such allegations was in the prior two pleadings. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 Fed. Appx. 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.").

Notably, Plaintiff fails to identify whether any of these employees were bartenders, like Plaintiff. This is also completely at odds with Plaintiff's allegation that "Defendant scheduled

2

many male and female bartenders to work shifts by themselves." (Am. Compl. ¶ 30, ECF No. 22). Instead, Plaintiff now argues in her response that they were in "service capacity" roles, failing to assert that they were bartender like Plaintiff. This in itself warrants dismissal. *See Arafat v. Sch. Bd. of Broward Cnty.*, 549 Fed. Appx. 872, 874 (11th Cir. 2013) ("When comparing her treatment to a non-protected employee under the fourth element, the plaintiff must show that she and the other employee were similarly situated in "all relevant respects."). Moreover, Plaintiff's status as the only pregnant female employee does not permit the Court to infer disparate treatment. *Litman v. Sec'y, of the Navy*, 703 Fed. Appx. 766, 769 (11th Cir. 2017) (affirming dismissal of Title VII claim and holding "[t]he fact that [Plaintiff] was the only African-American employee does not plausibly lead to an inference that other employees there were similarly situated to him but differently treated."). It is unsurprising that Plaintiff fails to address the compelling authority cited in Defendant's motion on these issues. *See* Mot. to Dismiss pp.6-7, ECF No. 21.

**However, this is only the tip of the iceberg as far inconsistencies**. Plaintiff concedes these "comparators" received the same exact treatment by Mr. Camargo as the Plaintiff and that they all were subject to the same scheduling policies, regardless of their gender, pregnancy status, or otherwise. *See* Resp., pp. 4-5, ECF No. 25. This is nothing short than a stunning admission that the pleading is a sham. Even if the Amended Complaint were clearer, Plaintiff now admits her comparators did not receive favorable treatment, a crucial element of her claims. Since other similarly situated employees were subjected to "identical" scheduling policies, especially those working under Mr. Camargo, and Plaintiff provides no other facts that give rise to a plausible claim that she was treated differently than other bartenders, dismissal is warranted. *See Arrington v. Alabama Power Co.*, 769 Fed. Appx. 741, 746 (11th Cir. 2019) (affirming dismissal of disparate treatment claim and holding "even assuming without deciding that one or more of the actions about

3

which Plaintiff complains qualify as adverse employment actions, Plaintiff failed to plead a prima facie case of disparate treatment because she did not allege that a similarly situated employee outside of her protected class was treated more favorably."); *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 Fed. Appx. 563, 565–66 (11th Cir. 2010) (affirming dismissal of Title VII claim and holding "[n]one of [Plaintiff's] filings allege facts to support the fourth requirement of such a claim—that the . . . defendants treated similarly situated employees who were not members of his protected class differently."); *see also Carbone v. Tri-Town Constr.. L.L.C.*, No. 2:24-CV-187-SPC-NPM, 2024 WL 3377740 (M.D. Fla. July 11, 2024) (citing *Arrington* and dismissing Title VII and FCRA claims, when Plaintiff merely alleged that "men such as Senior, Mr. Patrick or Ruben, were not subjected to the conduct described in the Complaint" and holding allegations were too conclusory); *Hanley v. Wal-Mart Stores E., LP*, No. 6:24-CV-319-WWB-LHP, 2025 WL 948375, at *2 (M.D. Fla. Mar. 28, 2025) (dismissing Title VII claim and holding "[a]t best, the Complaint rests on the broad assertion that Plaintiff's new manager "treated all non-Hispanic employees differently from Hispanic employee.")

Plaintiff also fails to establish a nexus between any of the statements allegedly made by Mr. Camargo and an adverse employment action. Simply alleging discriminatory statements is not enough. *See Bekkem v. Wilkie*, 915 F.3d 1258, 1269 (10th Cir. 2019) ("Even when a decisionmaker has made discriminatory statements, this is insufficient to establish such a nexus; rather, something in the decisionmaker's statements must link them to the adverse employment action at issue in the case."); *Redmon v. YMCA of Metro. Washington*, 417 F. Supp. 3d 99, 103 (D.D.C. 2019) (holding plaintiff "must establish a nexus between defendants' alleged discriminatory motive and the adverse action by . . . making] sufficient factual allegations to nudge [his] claims across the line from conceivable to plausible and go beyond an unadorned, 'the-defendant-unlawfully-harmed-

4

me accusation.'" Simply alleging termination and unfavorable scheduling is not enough. Plaintiff still fails to connect these adverse actions and her response fails to adequately address this issue.

Plaintiff also misconstrues the case law raised by Defendant. For instance, in *Picado v. M&S Cargo Express Corp.*, No. 24-21982-CV, 2024 WL 4225491 (S.D. Fla. Sept. 18, 2024), the court found specific, contemporaneous, and discriminatory remarks tied to adverse actions. Specifically, that plaintiff alleged that "[a]t the time he was terminated . . . his supervisor told him: "You are too old ... I cannot trust your skills ... I cannot have old people working here." Here there is no such clarity in Plaintiff's allegation directly tying a statement to an adverse action.

Additionally, in *Stephens v Adler*, 20-62242-CIV, 2021 WL 5084236, at *1 (S.D. Fla. Mar. 12, 2021), the Plaintiff alleged that her supervisor "insisted that she return to the office, in defiance of her obstetrician's orders." No such allegations exist here. *Picado* and *Stephens* resulted in the denial of the respective defendants' motion to dismiss as there were additional, concrete allegations connecting discriminatory conduct to an adverse action. Here, Plaintiff's allegations are vague, lack temporal specificity, and fail to establish a nexus between the alleged remarks and any adverse employment action.

## ACCOMODATION THEORY

As for pregnancy related accommodations, the Amended Complaint does not allege that Plaintiff was prohibited from taking additional breaks or limiting her physical exertion. Stated another way, Plaintiff fails to allege in any way that she was required to work all her shifts with a limit on bathroom breaks, or that she was required to physically exert herself in an excessive manner. As to the latter, the Amended Complaint fails to provide any facts as to what physically exertive activities in her role as bartender was she unable to perform, such as whether she was required to move heavy items, or any other physical activities that she communicated to her

5

employer that she could not perform. Neither Defendant nor the Court should have to speculate as to what physically exertive activities she was prevented from performing due to her pregnancy, and that such activities were required of her despite her request for an accommodation (and again, this had to have been communicated to Defendant). As explained in Defendant's motion, without a specific limitation or denial of accommodation, the PWFA claims are legally insufficient and must be dismissed.

Plaintiff's response also fails to address the contradictions her Amended Complaint. On one hand, she communicated to her employer that she was nauseous needed "additional breaks and a limitation on physical exertion" (Am. Compl. ¶ 134), on the other hand she communicated her dissatisfaction that could not work longer shifts by herself, without the assistance of any other staff, as she had done for years. *See* Am. Compl. ¶ 59 ("Ms. Elkhalil answered that she was unhappy with the current schedule because she was previously scheduled for busier shifts . . ."); Am. Compl. ¶ 63 ("Ms. Elkhalil tried to reason with Camargo, explaining that his decision was unfair and that she wanted to maintain the same schedule she had worked for years."). Plaintiff correctly points out in her response that, as with the first Complaint, the Amended Complaint alleges Mr. Camargo "replied, 'ok,'" in response to her request for "pregnancy-related accommodations moving forward." (Am. Compl. ¶ 31).  This is seemingly contradicted by Plaintiff's allegation that "Camargo did not respond" (Am. Compl. ¶ 34) to her request for accommodations. The point is, the Amended Complaint stops short of actually alleging that during her shifts, she could not use the restroom as often as she wanted or otherwise take breaks.

In support of her PWFA claim, Plaintiff cites to *Wahl v. Seacoast Banking Corp. of Florida*, No. 09-81382-CIV, 2011 WL 861129 (S.D. Fla. Mar. 9, 2011). *Wahl* has no application here. First that case was not considered in the context of a PWFA claim, nor did it involve a claim alleging

that the plaintiff was not provided pregnancy related accommodations. Second, the plaintiff alleged that her employer disciplined her because she had to attend doctors' appointments and that she took time off of work for morning sickness. No such facts exist here.

Plaintiff also cites to *Mayorga v. Alorica, Inc.*, No. 12-21578-CIV, 2012 WL 3043021 (S.D. Fla. July 25, 2012). That case is also inapplicable here. In *Mayorga*, the claims arose out of the Americans with Disabilities Act (ADA) and the question was whether the Plaintiff had a disability within the context of the ADA. More importantly, the Plaintiff in that case alleged severe **complications** with her pregnancy, including that her baby was in breach "throughout the entire pregnancy," and Plaintiff suffered from "premature uterine contractions, irritation of the uterus, increased heart rate, severe morning sickness, severe pelvic bone pains, severe back pain, severe lower abdominal pain, extreme headaches and other pregnancy-related conditions," unlike the Plaintiff in this case who alleges nothing of the sort. Plaintiff's conclusory allegations fail to give rise to the slightest indicia of discrimination that permits the Court to draw any factual inferences that defeat dismissal.

## HOSTILE WORK ENVIRONMENT/RETALIATION

To reiterate, "[t]he standards for judging hostility are intended to be sufficiently demanding to ensure that Title VII does not become a general civility code . . . Title VII does not prohibit profanity alone, however profane ... [nor] harassment alone, however severe and pervasive. Instead, Title VII prohibits discrimination, including harassment that discriminates based on a protected category." *Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 837 (11th Cir. 2021). "The mere utterance of an ... epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII." *Id*. Additionally, "Title VII simply does not require employers to treat their employees with kindness." *Armstrong*, 33 F.3d

7

at 1317. Further, "[e]mployers can treat pregnant women as badly as they treat similarly affected but nonpregnant employees. . ." *Id*. (citations omitted).

The Amended Complaint alleges a few isolated incidents of verbal hostility and one vague alleged threat. Plaintiff does not allege that her ability to perform her job was materially affected by the alleged conduct. As discussed in Defendant's motion, Courts have consistently held that offhand comments, isolated incidents, and interpersonal conflicts—even if unpleasant—do not rise to the level of actionable harassment. At most, the allegations reflect workplace tension and dissatisfaction with managerial decisions, not a discriminatory environment. This should be considered alongside Plaintiff's assertion that none of her similarly situated colleagues were treated differently. Further, Plaintiff's own allegations that she continued to work and preferred her prior schedule undermine any claim that the environment was objectively hostile or interfered with her job performance. Thus, Plaintiff fails to allege that the alleged conducted "alter[ed] the conditions of the victim's employment and create an abusive working environment.'" *Estate of Caviness v. Atlas Air, Inc*., 693 F. Supp. 3d 1271, 1282 (S.D. Fla. 2023), quoting *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 21 (1993).

The same applies for her retaliation theory. Plaintiff fails to address any of the case law cited by Defendant, holding that vague allegations, absent a clear timeline or factual nexus, are insufficient to establish causation. Instead, Plaintiff relies on conclusory assertions and generalized grievances, without addressing the absence of any factual allegations showing that Defendant's decisionmakers were aware of a protected activity at the time of the alleged adverse actions. Plaintiff also fails to rebut Defendant's argument that her own allegations undermine any inference of retaliation—specifically, that she was never denied accommodations and continued to perform her duties without restriction.

8

## LEAVE TO AMEND SHOULD NOT BE GRANTED

To the extent the Court would entertain another amendment, Plaintiff has forfeited the ability to do so. In a few words buried in the last page of her brief, Plaintiff states "the Plaintiff respectfully requests that this Court grant leave to amend the Complaint and cure any deficiencies." (Resp., p.20, ECF No. 25). The Eleventh Circuit had made clear no leave should be provided under such circumstances. *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). "Further, the request is substantively deficient, as it contains no details regarding what the amended allegations would be and how they would cure the issues . . .." *Betancourt v. Corporacion Hotelera Palma LLC,* No. 24-22126-CV, 2025 WL 837819, at *1 (S.D. Fla. Mar. 18, 2025) (dismissing complaint with prejudice and rejecting magistrate's recommendation that leave be provided), citing *Newton* at 178; *see also N Schmidt v. Disney Parks, Experiences & Products, Inc*., 721 F. Supp. 3d 1314, 1327 (M.D. Fla. 2024) (granting motion to dismiss and denying leave to amend when it was requested in opposition brief), citing *Newton* at 1277; *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("**Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly**."), citing *Posner v. Essex Ins. Co*., 178 F.3d 1209, 1222 (11th Cir.1999)) (emphasis added). This, in addition to the fact that the deadline to seek an amendment of the pleading has expired. *See* Trial Order, ECF No. 15 (setting April 30th, 2025 deadline for amendments). For these reasons, the Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

**BLACK LAW P.A.**
*Counsel for Defendant*
1401 E. Broward Blvd., Suite 204
Fort Lauderdale, Florida, 33301
ph. 954-320-6220/f. 954-320-6005

/s/ *Cody Shilling*
_____
**KELSEY K. BLACK, ESQ.**
Fla. Bar No. 78925
kb@blacklawpa.com
**CODY J. SHILLING, ESQ.**
Fla. Bar No. 1010112
cs@blacklawpa.com