UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 25-CV-60391

ASIA ELKHALIL,

    Plaintiff,

v.

EAST BEACH LLC, d/b/a
PIER 14 TAPAS AND COCKTAILS,

    Defendant.
_____/

**MOTION FOR CLARIFICATION OF ORDER
ON MOTION TO DISMISS AMENDED COMPLAINT AND
FOR EXTENSION OF TIME TO FILE ANSWER**

    Defendant EAST BEACH, LLC d/b/a PIER 14 TAPAS AND COCKTAILS hereby moves for clarification of the Court's *Order Granting in Part Defendant's Motion to Dismiss* [ECF No. 33], and for an extension of time to file an Answer, and in support thereof states as follows:

    1.    On May 6, 2025, Plaintiff filed her Amended Complaint [ECF No. 22], asserting eight counts under Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act ("FCRA"), and the Pregnant Workers Fairness Act ("PWFA"). The claims included:

    a. Count I: Title VII Disparate Treatment

    b. Count II: Title VII Hostile Work Environment

    c. Count III: Title VII Retaliation

    d. Count IV: PWFA Discrimination

    e. Count V: PWFA Retaliation/Interference

    f. Count VI: FCRA Disparate Treatment

1

   g. Count VII: FCRA Hostile Work Environment

   h. Count VIII: FCRA Retaliation

2. On May 19, 2025, Defendant filed a Motion to Dismiss the Amended Complaint [DE 24], seeking dismissal of all eight counts for failure to state a claim.

3. On July 25, 2025, the Court entered an Order [ECF No. 33], granting in part and denying in part Defendant's Motion (the "Order").

4. The Court clearly dismissed Counts II and VII (hostile work environment claims).

5. However, in an abundance of caution, Defendant seeks clarification on two issues as to be able to adequately file its Answer:

  **(1)** Whether Count IV is dismissed;

  **(2)** Whether the portion of the Court's ruling on Page 7 of its Order, that Count I is dismissed, is a typographical error.

## **MEMORANDUM OF LAW**

The Court has inherent authority to clarify or reconsider its interlocutory orders. *See Ferro v. Drs. Healthcare Plans, Inc.*, No. 20-CV-23449, 2021 WL 5408968, at *1 (S.D. Fla. Nov. 19, 2021) (granting motion for clarification or reconsideration "[b]ased on the Court's inherent authority to reconsider interlocutory orders."), citing *Flintlock Const. Servs., LLC v. Well-Come Holdings*, LLC, 710 F.3d 1221, 1225 (11th Cir. 2013) ("If an order be only interlocutory, the court at any time before final decree may modify or rescind it.") (citations omitted).

First, Defendant respectfully seeks clarification regarding the status of Count IV (PWFA Discrimination). The Court's Order states that "the Motion is granted as to Count IV to the extent Count IV is based on a failure to accommodate," but "denied… to the extent it is not based on a failure to accommodate." [ECF No. 33, p. 11]. However, the Order also notes that it is "not entirely

clear from the Amended Complaint exactly what violations of the PWFA Plaintiff is asserting," and that Count IV references multiple statutory subsections (§§ 2000gg-1(3) and (5)). *Id*. at p. 9. The Amended Complaint does not clearly delineate separate counts for each subsection of the PWFA, and the Court's ruling does not specify whether Plaintiff's allegations under § 2000gg-1(3) (denial of opportunities) or § 2000gg-1(5) (adverse action based on requesting accommodations) are sufficient to proceed.

Accordingly, Defendant seeks clarification as to whether Count IV survives such that Defendant must file an answer to any portion of that count, or whether the dismissal applies to the claim in its entirety, thereby obviating the need to answer that Count IV at all. This is particularly important, in light of the Court's acknowledgment that the basis for the claim is not clearly delineated in the Amended Complaint.

Second, on page 7 of the Court's Order, the Court states: "[a]ccordingly, Counts I and VII are dismissed." [ECF No. 33, p. 7]. Defendant respectfully seeks clarification as to whether the inclusion of Count I in that sentence was inadvertent. Count I of the Amended Complaint asserts a claim for disparate treatment under Title VII—not hostile work environment. Furthermore, the final ruling on page 11 of the Order notes that the Motion is denied as to Count I. In light of this apparent inconsistency, Defendant requests confirmation that Count I was not dismissed and that the reference to it on page 7 was a typographical error.

Finally, Defendant seeks an extension of time to file an Answer to the Amended Complaint, until such time as the instant Motion for Clarification is disposed.

WHEREFORE, Defendant seeks clarification of the Court's Order on the two issues discussed herein, an extension of time to file an Answer to the Amended Complaint until such time as the Court clarifies its ruling, and for any further relief the Court deems appropriate.

Respectfully submitted,

**BLACK LAW P.A.**
*Counsel for Defendant*
1401 E. Broward Blvd., Suite 304
Fort Lauderdale, Florida, 33301
ph. 954-320-6220/f. 954-320-6005

/s/ *Cody Shilling*
_____

**KELSEY K. BLACK, ESQ.**
Fla. Bar No. 78925
kb@blacklawpa.com
**CODY J. SHILLING, ESQ.**
Fla. Bar No. 1010112
cs@blacklawpa.com

## CERTIFICATE OF CONFERRAL

I hereby certify that on July 30, 2025, the parties conferred on the issues raised in this motion. Plaintiff indicated that she opposes the "language" in the motion which states "(1) Whether Count IV is dismissed." Defendant maintains that it needs clarification as to whether Count IV is dismissed in its entirety and whether an Answer to this count is necessary based on the allegations as phrased in the Amended Complaint. Plaintiff does not oppose an extension to file an Answer until such time as the Court rules on this motion.

/s/ *Cody Shilling*
_____