UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 25-CV-60391

ASIA ELKHALIL,

    Plaintiff,

v.

EAST BEACH LLC, d/b/a
PIER 14 TAPAS AND COCKTAILS,

    Defendant.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT**

Defendant, EAST BEACH, LLC d/b/a PIER 14 TAPAS AND COCKTAILS, hereby submits its Answer and Affirmative Defenses to the Amended Complaint [ECF No. 22] and states as follows:

**INTRODUCTION**

1. Denied.

2. Denied.

**PARTIES**

3. Admitted.

4. Admitted.

5. Denied as this allegation states a legal conclusion.

6. Denied as this allegation states a legal conclusion.

7. Denied as this allegation states a legal conclusion.

8. Denied as this allegation states a legal conclusion.

1

9. Denied as this allegation states a legal conclusion.

10. Denied as this allegation states a legal conclusion.

11. Denied as this allegation states a legal conclusion.

12. Denied as this allegation states a legal conclusion.

## JURISDICTION AND VENUE

13. Admitted solely to the extent the Court has jurisdiction.

14. Admitted that venue is proper.

## ADMINISTRATIVE PREREQUISITES

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

## FACTUAL ALLEGATIONS

20. Admitted that Ms. Elkhalil is a female.

21. Defendant lacks sufficient knowledge to admit or deny Plaintiff's pregnancy status at all times material and therefore denies the allegation.

22. Admitted.

23. Denied.

24. Defendant denies the characterization that Plaintiff had a guaranteed right to work alone or retain all tips. While Plaintiff may have occasionally worked alone, staffing and tip sharing practices varied and were determined by business needs and management discretion.

25. Admitted.

26. Admitted.

27. Denied.

28. Admitted.

29. Defendant denies the characterization that Plaintiff had a guaranteed right to work alone. While Plaintiff may have occasionally worked alone, staffing practices varied and were determined by business needs and management discretion.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendant is without sufficient information to admit or deny this allegation therefore denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## CAUSES OF ACTION
## COUNT I
**42 U.S.C. § 2000e-2**
*Title VII Discrimination*

88. Defendant incorporates its responses to all prior allegations.

89. Admitted.

90. Admitted.

91. Admitted that the statute states what it states but denied that it applies to this dispute.

92. Admitted that Plaintiff is a female.

93. Defendant lacks sufficient knowledge to admit or deny Plaintiff's pregnancy status at all times material and therefore denies the allegation.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

## COUNT II
### 42 U.S.C. § 2000e-3
*Hostile Work Environment*

103. This claim was dismissed by the Court, therefore no response is required.

104. This claim was dismissed by the Court, therefore no response is required.

105. This claim was dismissed by the Court, therefore no response is required.

106. This claim was dismissed by the Court, therefore no response is required.

107. This claim was dismissed by the Court, therefore no response is required.

108. This claim was dismissed by the Court, therefore no response is required.

109. This claim was dismissed by the Court, therefore no response is required.

110. This claim was dismissed by the Court, therefore no response is required.

111. This claim was dismissed by the Court, therefore no response is required.

112. This claim was dismissed by the Court, therefore no response is required.

113. This claim was dismissed by the Court, therefore no response is required.

114. This claim was dismissed by the Court, therefore no response is required.

**COUNT III**
**42 U.S.C. § 2000e-3**
*Title VII Retaliation*

115. Defendant incorporates its responses to all prior allegations.

116. Denied as to the generalization of Title VII.

117. Admitted that Ms. Elkhalil is a female.

118. Defendant lacks sufficient knowledge to admit or deny Plaintiff's pregnancy status at all times material and therefore denies the allegation.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

## COUNT IV
## 42 U.S.C. § 2000gg-1
### *PWFA Discrimination*

130. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

131. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

132. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

133. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

134. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

135. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

136. This claim was dismissed by the Court to the extent it alleges failure to provide a

pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

137. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

138. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

139. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

140. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

141. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

142. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

143. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

144. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

145. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

146. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

147. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

148. This claim was dismissed by the Court to the extent it alleges failure to provide a pregnancy related accommodation, therefore no response is required. Denied as to any other interpretation of this allegation.

**COUNT V**
**42 U.S.C. § 2000gg-2(f)**
*PWFA Retaliation/Interference*

149. Defendant incorporates its responses to all prior allegations.

150. Denied as to the generalization of the PWFA.

151. Denied as to the generalization of the PWFA.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

**COUNT VI**
**§ 760.10(1), Fla. Stat.**
*FCRA Discrimination*

162. Defendant incorporates its responses to all prior allegations.

163. Denied as to the generalization of the FCRA.

164. Admitted solely to the extent that Plaintiff is a female. Denied as to the remainder of the allegation as Defendant is without sufficient information to admit or deny same.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

11

### COUNT VII
### § 760.10(7), Fla. Stat.
*Hostile Work Environment*

174. This claim was dismissed by the Court therefore no response is required.

175. This claim was dismissed by the Court therefore no response is required.

176. This claim was dismissed by the Court therefore no response is required.

177. This claim was dismissed by the Court therefore no response is required.

178. This claim was dismissed by the Court therefore no response is required.

179. This claim was dismissed by the Court therefore no response is required.

180. This claim was dismissed by the Court therefore no response is required.

181. This claim was dismissed by the Court therefore no response is required.

182. This claim was dismissed by the Court therefore no response is required.

183. This claim was dismissed by the Court therefore no response is required.

184. This claim was dismissed by the Court therefore no response is required.

185. This claim was dismissed by the Court therefore no response is required.

### COUNT VIII
### § 760.10(7), Fla. Stat.
*FCRA Retaliation*

186. Defendant incorporates its responses to all prior allegations.

187. Denied as to the generalization of the FCRA.

188. Admitted solely to the extent that Ms. Elkhalil is a female.

189. Defendant lacks sufficient knowledge to admit or deny Plaintiff's pregnancy status at all times material and therefore denies the allegation.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

## **AFFIRMATIVE DEFENSES**

1. Defendant treated Plaintiff in the same manner as other employees who were similarly situated in their ability or inability to work. Defendant did not treat Plaintiff less favorably than non-pregnant employees.

2. Defendant provided reasonable accommodations to Plaintiff as required under the PWFA and Title VII. To the extent that Plaintiff requested accommodations that were not provided, such accommodations would have imposed an undue hardship on Defendants business operations.

3. Plaintiff has failed to mitigate her alleged damages. Upon termination, Plaintiff did not make reasonable efforts to seek comparable employment or otherwise reduce her claimed loss.

4. Any actions taken by Defendant with respect to Plaintiff's scheduling, staffing, or employment status were based on legitimate, non-discriminatory business reasons, including operational needs, staffing efficiency, and managerial discretion. Plaintiff's dissatisfaction with shift assignments does not equate to unlawful discrimination.

5. Assuming arguendo that any discriminatory motive existed, Defendant asserts that the employment decision was based on a mixed-motive rationale, in which legitimate, non-discriminatory factors—such as insubordination, operational demands, staffing efficiency, and the implementation of new policies following a change in ownership—were substantial and independent grounds for the adverse action.

6. Defendant acted in good faith and in compliance with all applicable laws, including Title VII, the FCRA, and the PWFA.

7. Defendant maintained and enforced anti-discrimination and anti-retaliation policies throughout Plaintiff's employment. Plaintiff failed to avail herself of these internal procedures or otherwise report the alleged conduct through the appropriate channels, thereby precluding Defendant from addressing or remedying the behavior in a timely manner.

8. Defendants alleged violations were not willful, malicious, or in reckless disregard of Plaintiff's rights.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

**BLACK LAW P.A.**
*Counsel for Defendant*
1401 E. Broward Blvd., Suite 304
Fort Lauderdale, Florida, 33301
ph. 954-320-6220/f. 954-320-6005

/s/ *Cody Shilling*
_____
**KELSEY K. BLACK, ESQ.**
Fla. Bar No. 78925
kb@blacklawpa.com
**CODY J. SHILLING, ESQ.**
Fla. Bar No. 1010112
cs@blacklawpa.com